# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SARAH C.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. ADC-20-1699 |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On June 10, 2020, Sarah C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 11, 18), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED.

### PROCEDURAL HISTORY

On April 4, 2017, Plaintiff filed a Title II application for DIB as well as a Title XVI application for SSI alleging in both applications disability beginning on June 12, 2005. ECF No. 10 at 17. Plaintiff then amended her alleged onset date to April 4, 2017. Her claims were denied initially and upon reconsideration on May 22, 2017 and November 3, 2017, respectively. Subsequently, on January 3, 2018, Plaintiff filed a written request for a hearing and, on March 18, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. On April 5, 2019, the ALJ

1

rendered a decision denying Plaintiff's claims for DIB and SSI. ECF No. 11-1 at 2. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on April 20, 2020, the Appeals Council denied Plaintiff's request for review.

On June 10, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability applications. On February 24, 2021, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on June 10, 2021.[1] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination

---

[1] On July 30, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§

4

404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of the Act through December 31, 2010. ECF No. 10 at 20. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since April 4, 2017, the amended alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: "spine disorders and dysfunction of major joints." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds; stand for two hours in an 8-hour workday; and walk for two hours in an 8-hour workday. She can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; and occasionally balance, stoop, kneel, crouch and crawl.

*Id.* at 21. The ALJ then determined that Plaintiff has been unable to perform any past relevant work since the alleged onset date. *Id.* at 23. Finally, at step five, the ALJ noted that "considering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that existed in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 24. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from April 4, 2017, through the date of this decision." *Id.* at 25.

## DISCUSSION

Plaintiff raises two main allegations on appeal: (1) the ALJ's RFC is not supported by substantial evidence and (2) the ALJ erroneously evaluated Plaintiff's subjective complaints. The Court finds Plaintiff's arguments lack merit and are not a basis for remand.

A. The ALJ's RFC is supported by substantial evidence.

Plaintiff asserts several sub-arguments challenging the ALJ's RFC findings. The first argument Plaintiff makes is that the ALJ failed to perform a "function-by-function assessment of [Plaintiff's] ability to perform…work." ECF No. 11-1 at 6. The Court disagrees.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a),

7

416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an explicit function-by-function analysis" is inappropriate, because "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions,

8

despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

Here, the ALJ followed the framework for his RFC analysis as laid out in SSR 96-8p and provided a sufficient logical explanation to support meaningful review. The ALJ summarized the medical evidence, Plaintiff's daily activities, and medical opinions concerning Plaintiff's knee and back pain to demonstrate Plaintiff's capability for light work. ECF No. 10 at 21-23. The ALJ next laid out a proper narrative discussion articulating what aspects of the record he relied on in making his RFC determination. After summarizing various treatment notes between March 2016 through February 2019 the ALJ explained:

> I have considered all of the medical evidence of record and note that the [Plaintiff's] allegations are not consistent with the symptoms described in the medical evidence of record. Specifically, I note that the [Plaintiff] maintains the ability to independently perform her activities of daily living, despite her impairments. I also note that physical examinations throughout the record were generally normal and treatment notes do not indicate that she has had any recent hospitalization. I further note that imaging of the [Plaintiff's] back and knees were generally normal and showed [s]he had no more than mild to moderate functional impairments. Thus, I find that there is no support for a conclusion that the [Plaintiff's] physical impairments are so severe that they impede her ability to perform all basic work activity.

*Id.* at 23. Remand is appropriate where "inadequacies in the ALJ's analysis frustrates meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). That is not the case here. As described above, the ALJ properly discussed Plaintiff's hearing testimony, her medical history and records, and the medical expert opinion in accordance with SSR 96-8p. The ALJ concluded that based on the evidence, Plaintiff is able to perform her daily activities despite her impairments and

thus the RFC lays out the limitations which would enable Plaintiff to work a full eight-hour workday, five days a week. *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir.2006).

Further, contrary to Plaintiff's other arguments, the ALJ also plainly considered all of Plaintiff's alleged impairments while properly characterizing the evidence of the record. The ALJ's statement that Plaintiff's medical records were "generally normal and showed that [s]he had no more than mild to moderate functional impairments" is clearly supported by the evidence of record and the treatment notes to which the ALJ cites. ECF No. 10 at 23. The ALJ also took into consideration the combinative effects of Plaintiff's impairments when formulating the RFC. In his analysis, the ALJ addresses Plaintiff's testimony and cites to medical records containing information on imaging and treatment for all of Plaintiff's alleged impairments. The ALJ did not mischaracterize evidence but appropriately identified discrepancies in the medical record evidence and how he balanced such evidence accordingly. Therefore, the ALJ properly evaluated Plaintiff's RFC, and the RFC finding was supported by substantial evidence on the record.

B. The ALJ properly evaluated Plaintiff's subjective complaints.

Plaintiff's second argument is that the ALJ's adverse credibility determination is not supported by substantial evidence because the ALJ applied an improper legal standard to discredit Plaintiff's subjective symptoms and erroneously evaluated Plaintiff's daily activities. ECF No. 11-1 at 16. Defendant contends that the ALJ identified proper bases beyond objective evidence to support his credibility findings, which included Plaintiff's treatment history, the nature of her symptoms, and her daily activities. ECF No. 18-1 at 7-8. The Court agrees with Defendant.

The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

10

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *1–12 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's ability to perform daily activities, activities that precipitate or aggravate the symptoms, medications and treatments used, and other methods used to alleviate the symptoms. *Id.* at *6.

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding her pain symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a finding of disability and a claimant must substantiate her allegations of pain. 20 C.F.R. §§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms

or about the effect [the claimant's] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam), but the ALJ cannot discount Plaintiff's subjective evidence of pain solely based on objective medical findings, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

In the present case, the ALJ appropriately recognized his obligation to properly evaluate the credibility of Plaintiff's testimony regarding her symptoms and the restrictions caused by her impairments as well as opinion evidence in accordance with 20 C.F.R. §§ 404.1529 and 404.1527. After analyzing the evidence in the record, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 10 at 22.

First, the ALJ summarized Plaintiff's testimony at the hearing, acknowledging Plaintiff's testimony about the symptoms and pain caused by her physical impairments. *Id.* at 21. Then, ALJ summarized Plaintiff's medical history from March 2016 to February 2019, including her complaints of back and knee pain and resulting pain management. *Id.* at 23-23. The ALJ noted that the records were generally unremarkable. *Id.* For example, medical records from August 2016 "indicated the [Plaintiff's] range of motion in the neck was restricted and no pain was noted in all ranges of motion. An examination of the knee further showed no pain or limitation noted during

flexion, extension, adduction, abduction, internal rotation or external rotation." *Id.* In May 2017, records showed that though Plaintiff complained of "low back pain, stiffness in the back muscle, and pain and swelling in both knees" the treatment notes were "generally unremarkable" and that "a physical examination also showed full range of motion without pain in the neck." *Id.* In June 18, a "musculoskeletal examination showed no evidence of bony tenderness, joint effusion, enlargement or abnormal motion; no muscle fasciculations, atrophy, muscle weakness, asymmetry or reduced range of motion." *Id.*

While the ALJ impermissibly relied on some objective medical evidence, he also relied on sufficient subjective evidence to find that Plaintiff was not credible. The ALJ referenced Plaintiff's own testimony that she performs a variety of regular, daily activities, including washing dishes, cooking, shopping, folding laundry, and driving places up to three times a week. *Id.* at 21. The ALJ explained that these activities indicate Plaintiff's ability to "independently perform her activities of daily living, despite her impairments" and that "there is no support for a conclusion that the [Plaintiff's] physical impairments are so severe that they impede her ability to perform all basic work activity." *Id.* Therefore, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 22.

Thus, the ALJ's detailed evaluation of the record evidence against Plaintiff's statements regarding his symptoms amply supports the ALJ's conclusion that Plaintiff's alleged limitations were not entirely credible, and the ALJ properly evaluated Plaintiff's credibility, supporting his findings with substantial evidence consistent with 20 C.F.R. §§ 404.1529 and 416.929.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from April 4, 2017, through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 12 August 2021

A. David Copperthite
United States Magistrate Judge